UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION AT PIKEVILLE

| | |
|---|---|
| **JERRY MAY,**<br><br>    **Plaintiff,**<br><br>v.<br><br>**MEDTRONIC SOFAMOR DANEK USA INC., d/b/a MEDTRONIC, INC.,**<br><br>    **Defendant.** | CASE NO. 7:24-CV-43-KKC<br><br><br>**OPINION AND ORDER** |

*** *** ***

This matter is before the Court on Plaintiff Jerry May's motion to remand (DE 10) and Defendant Medtronic, Inc.'s motion to dismiss. (DE 7.) For the following reasons, the Court will grant the motion to remand and deny the motion to dismiss.

Jerry May ("May") argues that remand to Magoffin Circuit Court is appropriate because the amount in controversy does not meet the statutory minimum. In his state-court complaint, he states that his combined damages are "not to exceed seventy-five thousand ($75,000.00) dollars." (DE 1-1 at 7.) He further attached a sworn stipulation to his motion to remand affirming that he will not "seek, nor accept, damages that exceed $75,000.00 against [Medtronic]." (DE 10-3 at 1.) Medtronic, however, argues that May's stipulation is "too equivocal" to justify remand because it does not limit **all** possible forms of recovery to $75,000 or less. (DE 14 at 2-3.) The Court finds this argument unpersuasive.

The Court must address May's motion to remand before any pending dispositive motions. A defendant may remove a civil action brought in state court to federal court only if the action is one over which the federal court could have exercised original jurisdiction. *See* 28 U.S.C. § 1441, 1446. This Court has original "diversity" jurisdiction over all civil actions

1

when "the matter in controversy exceeds the sum or value of $75,000 and the dispute is between" those who are "citizens of different states." 28 U.S.C. § 1332(a)(1). In making this assessment, the Court considers whether federal jurisdiction existed at the time of removal. *See Everett v. Verizon Wireless, Inc.*, 460 F.3d 818, 822 (6th Cir. 2006). And because federal courts are courts of limited jurisdiction, "the removal statute should be strictly construed," and any doubts should be resolved in favor of remanding the case to state court. *Eastman v. Marine Mech. Corp.*, 438 F.3d 544, 549 (6th Cir. 2006).

The only objection that Medtronic raises to the motion to remand is whether May's stipulation was sufficiently unequivocal to preclude removal to federal court. Plaintiffs are "the master of the claim," so "a claim specifically less than the federal requirement should preclude removal." *Gafford v. Gen. Elec. Co.*, 997 F.2d 150, 157 (6th Cir. 1993). Federal courts sitting in diversity have long held that "[w]hen a post-removal stipulation is the first specific statement of the alleged damages then it is considered a *clarification*, rather than a reduction, and the case may be remanded." *Tankersley v. Martinrea Heavy Stampings, Inc.*, 33 F. Supp. 3d 775, 780 (E.D. Ky. 2014).[1] "[T]o guard against forum shopping and encroachments on the defendant's right of removal," the stipulation limiting damages must be "unequivocal" such that it will be binding on the parties and on any state court to which the case is remanded. *Egan v. Premier Scales & Systems*, 237 F. Supp. 2d 774, 778 (W.D. Ky. Dec. 30, 2002); *see also Leavell v. Cabela's Wholesale, Inc.*, 2015 WL 9009009, at *2 (W.D. Ky. Dec. 15, 2015).

---

[1] The Court would note that, in violation of Ky. R. Civ. P. 8.01(2), May included a specific statement of the alleged damages in the complaint. However, the Court finds this fact irrelevant to the question of subject-matter jurisdiction. Case law indicates that courts are concerned with plaintiffs deceptively reducing their alleged damages after the filing of their complaint to defeat diversity jurisdiction. If anything, the language of the state-court complaint demonstrates that May is not attempting to reduce his alleged damages, but reinforce that he is limiting himself to damages not beyond $75,000.

"When a case is remanded on the basis of a post-removal stipulation then the plaintiff is bound to recover no more than the damages to which he stipulated upon his return to state court." *Tankersley*, 33 F. Supp. 3d at 780. Therefore, because Kentucky allows plaintiffs to recover more than they originally seek, any post-removal stipulation that the damages sought are less than $75,000 needs to be unequivocal in order to effectively limit the recovery such that remand is warranted. *Egan*, 237 F. Supp. 2d at 778. While federal courts have recognized that a plaintiff's sworn stipulation that he will "neither seek nor accept" damages greater than $75,000 is sufficiently unequivocal, they have also found stipulations that plaintiffs will not "ask for" more than $75,000 are too equivocal to warrant remand. *Compare Leavell*, 2015 WL 9009009, at *2 (citing as examples of unequivocal stipulations language stating that plaintiff "neither seeks, nor will accept, damages greater than $75,000"; plaintiff "will neither seek nor accept damages" greater than $75,000; or plaintiffs "have never sought, and will not accept" more than $75,000); *with Helton v. Lelion*, 2014 WL 5824894, at *3 (E.D. Ky. Nov. 10, 2014) (finding plaintiff's stipulation that she will not "ask for" more than $75,000 to be equivocal and insufficient to prevent her from collecting damages in excess of that amount). In *Egan*, the court found plaintiff's stipulation that she "will [only] accept a sum of $74,990 exclusive of interests and costs" to be equivocal because "merely say[ing] that one will not accept money in excess of a certain amount limits neither the judgment nor the demand." 237 F. Supp. 2d at 775, 778.

Here, Medtronic argues that May's stipulation is not unequivocal because he does not "unequivocally limit his ability to recover punitive damages, attorney fees, costs, and any other relief that a jury could plausibly award him." (DE 14 at 2.) Yet the plain language of May's stipulation show that he is precluding any and all damages beyond $75,000. The use of the word "damages" in his stipulation is meant as an umbrella term, encapsulating all possible forms of recovery and limiting it to $75,000. If May had stipulated to a limited

3

recovery of only punitive damages or to an amount "exclusive of interests and costs" like in *Egan*, perhaps the defendant's argument would hold some merit. But as written, the plaintiff's stipulation is sufficiently unequivocal to justify granting the plaintiff's motion and remand this action to state court.

Because the Court lacks subject-matter jurisdiction over this case and must remand, it would be inappropriate for it to analyze Medtronic's motion to dismiss on the merits. Such arguments are best suited for the state court.

Accordingly, the Court hereby ORDERS as follows:

1) Medtronic's motion to dismiss (DE 7) is DENIED AS MOOT;

2) May's motion to remand (DE 10) is GRANTED; and

3) this action is REMANDED to Magoffin Circuit Court.

This 16th day of October, 2024.

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY